IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATAQUILL LIMITED | § § § § § | |
| Plaintiff, | § § | Civil Action No. 2:13-cv-634 |
| v. | § § | |
| ZTE CORPORATION, ZTE (USA) INC. AND ZTE SOLUTIONS, INC. | § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff DataQuill Limited files this Original Complaint for patent infringement against Defendants ZTE Corporation, ZTE (USA) Inc., and ZTE Solutions, Inc. (collectively, "ZTE").

### PARTIES

1. Plaintiff DataQuill Limited ("DataQuill") is a limited company organized under the laws of the British Virgin Islands.

2. On information and belief, Defendant ZTE Corporation is a corporation duly organized and existing under the laws of the People's Republic of China, with its principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Guangdong Province, People's Republic of China 518057. On information and belief, ZTE Corporation can be served with process at that address.

3. On information and belief, Defendant ZTE (USA) Inc. is a corporation duly organized and existing under the laws of New Jersey, with its principal place of business at 2425 N Central Expressway, Richardson, TX 75080. ZTE (USA) Inc. may be served with process in Texas through its registered agent, Jing Li, at 2425 N. Central Expressway, Suite 323, Richardson, TX 75080.

4. On information and belief, Defendant ZTE Solutions, Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at 2425 N Central Expressway, Richardson, TX 75080. ZTE Solutions, Inc. may be served with process in Texas through its registered agent, Incorp Services, Inc., at 815 Brazos Street, Suite 500, Austin, TX 78701.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over ZTE. ZTE regularly sells (either directly or indirectly) products and services into this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this district, ZTE has a regular and established practice of business in this district, and ZTE has committed acts of infringement in this district.

## DATAQUILL & THE ASSERTED PATENTS

9. Over the past twelve years, DataQuill has sought to protect its invention through a licensing program (which has on several occasions required litigation). Many of the largest high-tech companies, including HTC, Nokia, Motorola, LG, Samsung, Palm, and Hewlett-Packard, have purchased a license to DataQuill's patent portfolio. To date, DataQuill has obtained over $75 million in licensing revenue.

10. The value of DataQuill's asserted patents is further demonstrated by DataQuill's repeated success against validity challenges. Three of the asserted patents have been through reexaminations at the United States Patent & Trademark Office where hundreds of references have been considered. In prior litigations, several of the asserted patents withstood heavy scrutiny, including motions for summary judgment of anticipation, obviousness, inequitable conduct, lack of enablement, and lack of an adequate written description—all of which were resolved in DataQuill's favor. The following is a list of DataQuill's previous litigation, all of which concluded with the defendant taking a license to DataQuill's portfolio:

- *DataQuill Ltd. v. Handspring Inc.*, No. 1:01-cv-04635 (N.D. Ill.) (June 19, 2001 – October 4, 2005)

- *DataQuill Limited v. Kyocera Wireless*, No. 3:01-cv-02302 (S.D. Cal.) (December 14, 2001 – April 25, 2006)

- *DataQuill Limited v. Novatel Wireless Inc.*, No. 3:03-cv-02066 (S.D. Cal. (October 16, 2003 – July 1, 2004)

- *Research In Motion Limited v. DataQuill BVI*, *Ltd.*, No. 3:06-cv-00973 (N.D. Tex.) (March 31, 2006 – December 3, 2008)

- *DataQuill Limited v. Nokia Corp.*, No. 3:07-cv-01055 (S.D. Cal.) (June 8, 2007 – April 9, 2008)

- *DataQuill Limited v. High Tech Computer Corp.*, No. 3:08-cv-00543 (S.D. Cal.) (March 25, 2008 – September 21, 2012)

11.     Prior to filing this lawsuit, DataQuill diligently attempted to resolve its claims against ZTE without litigation.  Beginning in December 2009, DataQuill has on several occasions informed ZTE that it is infringing DataQuill's patents and requested that it consider purchasing a license.  For example:

- On December 23, 2009, DataQuill sent ZTE a letter in which it notified ZTE that it was infringing U.S. Patent Nos. 6,058,304, 7,139,591, and 7,505,785.  This letter also included a copy of a published patent application owned by DataQuill.  In this letter, DataQuill informed ZTE that DataQuill had entered into license agreements with other major manufacturers of mobile phones and requested that ZTE consider purchasing a license to DataQuill's portfolio.

- On August 2, 2010, DataQuill sent a second letter to ZTE.  In this letter, DataQuill included copies of the Reexamination Certificates for U.S. Patent Nos. 6,058,304 and 7,139,591.  This letter reiterated DataQuill's request that ZTE consider taking a license.

12.     Notwithstanding DataQuill's concerted efforts to resolve its claims against ZTE without litigation—and despite DataQuill's extensive and successful history of licensing its portfolio to major players in the smartphone industry—ZTE has declined to enter into a license agreement with DataQuill.

## ZTE'S SMARTPHONES

13.     ZTE makes, uses, offers for sale, sells, and imports into the United States smartphones that enable users to browse and download items such as apps, games, ringtones, music, videos, books, and magazines.  These devices include but are not limited to the following: ZTE Era (PF112HD), ZTE Z998 (Z998), ZTE Overture (Z995), ZTE Imperial (N9101), AT&T Avail 2 (Z992), ZTE Vital (N8910), ZTE Prelude (Z993), ZTE Illustra (Z788G), ZTE Director (N850L), Cricket Engage LT (N8000), Boost Force/Sprint Force (N9100), T-Mobile Concord (V768), ZTE Avid 4G (N9120), Cricket Groove (X501), Sprint Flash (N9500), Cricket Engage (V8000), ZTE Anthem 4G (N910), ZTE Warp Sequent (N861), AT&T Z431 (Z431), ZTE Merit (Z990G), ZTE Score M (X500M), ZTE Fury (N850), Cricket Chorus (D930), ZTE Warp (N860), AT&T Avail  (Z990), Cricket Score (X500), T-Mobile Blade (V880), ZTE Essenze (C70) (collectively, "ZTE Smartphones").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,058,304

14.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

15.     On May 2, 2000, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,058,304 ("the '304 Patent"), entitled "Data Entry System" to DataQuill Limited.  On April 13, 2010, the USPTO issued an Ex Parte Reexamination Certificate for the '304 Patent.  DataQuill owns the '304 Patent and holds the right to sue and recover damages for infringement thereof.

16.     ZTE has been and now is directly infringing the '304 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing ZTE Smartphones that infringe one or more claims of the '304 Patent.  ZTE is thus liable for infringement of the '304 Patent under 35 U.S.C. § 271(a).

17. ZTE has had knowledge of the '304 Patent and ZTE's infringement thereof since no later than December 23, 2009. On that date, DataQuill sent ZTE a letter informing ZTE that it was infringing the '304 Patent. On August 2, 2010, DataQuill sent ZTE a similar letter that also included the '304 Patent's Ex Parte Reexamination Certificate.

18. With knowledge of the '304 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged its retailers to directly infringe the '304 Patent by offering to sell and selling these devices to end user consumers. ZTE knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '304 Patent under 35 U.S.C. § 271(b).

19. With knowledge of the '304 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged end users to directly infringe the '304 Patent by using these devices. ZTE has marketed, promoted, and instructed users to use these devices in an infringing manner. This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. ZTE knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '304 Patent under 35 U.S.C. § 271(b).

20. As a result of its infringement of the '304 Patent, ZTE has damaged DataQuill. ZTE is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

21. Because ZTE knew of the '304 Patent and its infringement thereof (as detailed above), ZTE's infringement of the '304 Patent is therefore willful and deliberate, entitling

DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,139,591

22.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

23.     On November 21, 2006 the USPTO duly and legally issued United States Patent No. 7,139,591 ("the '591 Patent"), entitled "Hand Held Telecommunications And Data Entry Device" to DataQuill Limited.  On October 29, 2009, the USPTO issued an Ex Parte Reexamination Certificate for the '591 Patent.  The '591 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '591 Patent and holds the right to sue and recover damages for infringement thereof.

24.     ZTE has been and now is directly infringing the '591 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing ZTE Smartphones that infringe one or more claims of the '591 Patent.  ZTE is thus liable for infringement of the '591 Patent under 35 U.S.C. § 271(a).

25.     ZTE has had knowledge of the '591 Patent and ZTE's infringement thereof since no later than December 23, 2009.  On that date, DataQuill sent ZTE a letter informing ZTE that it was infringing the '591 Patent.  On August 2, 2010, DataQuill sent ZTE a similar letter that also included the '591 Patent's Ex Parte Reexamination Certificate.

26.     With knowledge of the '591 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged its retailers to directly infringe the '591 Patent by offering to sell and selling these devices to end user consumers.  ZTE knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '591 Patent under 35 U.S.C. § 271(b).

27.  With knowledge of the '591 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged end users to directly infringe the '591 Patent by using these devices.  ZTE has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones.  ZTE knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '591 Patent under 35 U.S.C. § 271(b).

28.  As a result of its infringement of the '591 Patent, ZTE has damaged DataQuill.  ZTE is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

29.  Because ZTE knew of the '591 Patent and its infringement thereof (as detailed above), ZTE's infringement of the '591 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,505,785

30.  DataQuill incorporates the foregoing paragraphs as if fully set forth here.

31.  On March 17, 2009, the USPTO duly and legally issued United States Patent No. 7,505,785 ("the '785 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  On May 10, 2011, the USPTO issued an Ex Parte Reexamination Certificate for the '785 Patent.  The '785 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '785 Patent and holds the right to sue and recover damages for infringement thereof.

32.     ZTE has been and now is directly infringing the '785 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing ZTE Smartphones that infringe one or more claims of the '785 Patent. ZTE is thus liable for infringement of the '785 Patent under 35 U.S.C. § 271(a).

33.     ZTE has had knowledge of the '785 Patent and ZTE's infringement thereof since no later than December 23, 2009. On that date, DataQuill sent ZTE a letter informing ZTE that it was infringing the '785 Patent. DataQuill sent ZTE a similar letter on August 2, 2010.

34.     With knowledge of the '785 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged its retailers to directly infringe the '785 Patent by offering to sell and selling these devices to end user consumers. ZTE knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '785 Patent under 35 U.S.C. § 271(b).

35.     With knowledge of the '785 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged end users to directly infringe the '785 Patent by using these devices. ZTE has marketed, promoted, and instructed users to use these devices in an infringing manner. This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones. ZTE knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '785 Patent under 35 U.S.C. § 271(b).

36.     As a result of its infringement of the '785 Patent, ZTE has damaged DataQuill. ZTE is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

37.     Because ZTE knew of the '785 Patent and its infringement thereof (as detailed above), ZTE's infringement of the '785 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,920,898

38.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

39.     On April 5, 2011, the USPTO duly and legally issued United States Patent No. 7,920,898 ("the '898 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  The '898 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '898 Patent and holds the right to sue and recover damages for infringement thereof.

40.     ZTE has been and now is directly infringing the '898 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing ZTE Smartphones that infringe one or more claims of the '898 Patent.  ZTE is thus liable for infringement of the '898 Patent pursuant to 35 U.S.C. § 271(a).

41.     On December 23, 2009, DataQuill provided ZTE with a copy of the published patent application that issued as the '898 Patent.  DataQuill is thus also entitled to a reasonable royalty for ZTE's making, using, offering for sale, selling, and importing into the United States the invention claimed in the published patent applications and substantially identical inventions claimed in the '898 Patent under 35 U.S.C. § 154(d).

42.     ZTE has had knowledge of the '898 Patent and ZTE's infringement thereof since no later than December 23, 2009.  On that date, DataQuill provided ZTE with a copy of the published patent application that resulted in the '898 Patent.

43.     With knowledge of the '898 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged its retailers to directly infringe the '898 Patent by offering to sell and selling these devices to end user consumers.  ZTE knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '898 Patent under 35 U.S.C. § 271(b).

44.     With knowledge of the '898 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged end users to directly infringe the '898 Patent by using these devices.  ZTE has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download apps, games, music, videos, books, magazines, and/or ringtones.  ZTE knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '898 Patent under 35 U.S.C. § 271(b).

45.     As a result of its infringement of the '898 Patent, ZTE has damaged DataQuill.  ZTE is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

46.     Because ZTE knew of the '898 Patent and its infringement thereof (as detailed above), ZTE's infringement of the '898 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,290,538

47.     DataQuill incorporates the foregoing paragraphs as if fully set forth here.

48.     On October 16, 2012, the USPTO duly and legally issued United States Patent No. 8,290,538 ("the '538 Patent"), entitled "Data Entry Systems" to DataQuill Limited.  The '538 Patent claims priority to and is entitled to the filing date of the '304 Patent.  DataQuill owns the '538 Patent and holds the right to sue and recover damages for infringement thereof.

49.     ZTE has been and now is directly infringing the '538 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by making, using, offering for sale, selling, and/or importing ZTE Smartphones that infringe one or more claims of the '538 Patent.  ZTE is thus liable for infringement of the '538 Patent pursuant to 35 U.S.C. § 271(a).

50.     On information and belief, ZTE has had knowledge of the '538 Patent and ZTE's infringement thereof since no later than its issuance on October 16, 2012.  As described in the preceding paragraphs, correspondence between DataQuill and ZTE demonstrates that ZTE was familiar with DataQuill's patent portfolio.  At a minimum, ZTE has had knowledge of the '538 Patent and its infringement thereof since no later than the filing of this lawsuit.

51.     With knowledge of the '538 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged its retailers to directly infringe the '538 Patent by offering to sell and selling these devices to end user consumers.  ZTE knew of and intended to cause its retailers' direct infringement and is therefore liable for inducing their infringement of the '538 Patent under 35 U.S.C. § 271(b).

52.     With knowledge of the '538 Patent and knowledge of the infringing nature of ZTE Smartphones (or, at a minimum, willful blindness thereto), ZTE has encouraged end users to directly infringe the '538 Patent by using these devices.  ZTE has marketed, promoted, and instructed users to use these devices in an infringing manner.  This marketing, promotion, and instruction has specifically included instructions to use the device's functionality to download

apps, games, music, videos, books, magazines, and/or ringtones. ZTE knew of and intended to cause its end users' direct infringement and is therefore liable for inducing their infringement of the '538 Patent under 35 U.S.C. § 271(b).

53. As a result of its infringement of the '538 Patent, ZTE has damaged DataQuill. ZTE is liable to DataQuill in an amount to be determined at trial that adequately compensates DataQuill for the infringement, which by law can be no less than a reasonable royalty.

54. On information and belief, ZTE knew of the '538 Patent and its infringement thereof (as detailed above), and ZTE's infringement of the '538 Patent is therefore willful and deliberate, entitling DataQuill to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DataQuill prays for the following relief:

55. A judgment in favor of DataQuill that ZTE has infringed the '304, '591, '785, '898, and '538 Patents;

56. A judgment in favor of DataQuill that ZTE's infringement of the '304, '591, '785, '898, and '538 Patents was willful and that DataQuill is therefore is entitled to treble damages and attorney fees under 35 U.S.C. § 284 and 35 U.S.C. § 285;

57. A judgment and order requiring ZTE to pay DataQuill damage for its infringement of the '304, '591, '785, '898, and '538 Patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284 and 35 U.S.C. § 285;

58. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DataQuill its reasonable attorney's fees; and

59. Such other and further relief in law or in equity to which DataQuill may be justly entitled.

## DEMAND FOR JURY TRIAL

60. Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Dated: August 16, 2013                                Respectfully submitted,

*Parker C. Folse, III (by permission Leslie V. Payne)*

Parker C. Folse, III (LEAD COUNSEL)
Washington State Bar No. 24895
pfolse@susmangodfrey.com
**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone:    (206) 516-3880
Facsimile:    (206) 516-3883

Joseph S. Grinstein
Texas Bar No. 24002188
jgrinstein@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:    (713) 651-9366
Facsimile:    (713) 654-6666

Leslie V. Payne
Texas Bar No. 00784736
lpayne@hpcllp.com
Michael F. Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Nathan J. Davis
Texas Bar No. 24065122
ndavis@hpcllp.com
Robert Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000

14

Facsimile: (713) 221-2021

Douglas R. Wilson
Texas Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy North
Plaza 1, Suite 500-146
Austin, TX 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

S. Calvin Capshaw, III
Texas Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas Bar No. 05770585
ederieux@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
State Bar No. 00794818
jw@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DATAQUILL LIMITED**


Facsimile: (713) 221-2021

Douglas R. Wilson
Texas Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy North
Plaza 1, Suite 500-146
Austin, TX 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

S. Calvin Capshaw, III
Texas Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas Bar No. 05770585
ederieux@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

T. John Ward, Jr.
State Bar No. 00794818
jw@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DATAQUILL LIMITED**